James Ellis McDANIEL, and C. Waverly Parker, Plaintiffs,

v.

Richard ISRAEL, District Manager, District Office, Social Security, Administration, and Richard S. Schweiker, Secretary of Health and Human Services, Defendants.

Eddie Corn LEACH, and C. Waverly Parker, Plaintiffs,

v.

Richard ISRAEL, District Manager, District Office, Social Security Administration, and Richard S. Schweiker, Secretary of Health and Human Services, Defendants.

Civ. A. Nos. 81–0005–C, 81–0006–C.

United States District Court, W. D. Virginia, Charlottesville Division.

Feb. 24, 1982.

C. Waverly Parker, Standardsville, Va., for plaintiffs.

Thomas J. Bondurant, Asst. U. S. Atty., Roanoke, Va., for defendants.

## MEMORANDUM OPINION

MICHAEL, District Judge.

Plaintiffs in the two above-entitled actions are currently before this court seeking declaratory and injunctive relief against defendants, Richard Israel, District Manager of the Social Security Administration, and Richard S. Schweiker, Secretary of Health and Human Services.[1] Specifically, plaintiffs ask this court to declare Social Security Administration regulation 20 C.F.R.

---

1. For the purpose of disposing of both of these actions in a single Memorandum Opinion, these actions shall be consolidated pursuant to Rule 42, Fed.R.Civ.P. in that they both involve common questions of law and fact.

§ 404.1707 illegal and void because it is contrary to 5 U.S.C. § 500(f) of the Agency Practice Act. Both provisions pertain to the representation of a claimant before an administrative agency.[2] Both actions are before the court on cross motions for summary judgment.

Plaintiffs, James Ellis McDaniel and Eddie Corn Leach, both filed claims for benefits under Title II and XVI of the Social Security Act which were initially denied by the defendant Secretary of Health and Human Services, acting through the Social Security Administration. In further pursuing their claim for benefits both McDaniel and Leach requested the services of plaintiff, C. Waverly Parker, an attorney, in order to represent them in their claims. In each case, plaintiff Parker submitted the following statement to the Department of Health and Human Services by presenting it to defendant Richard Israel:

> I hereby certify that I am currently a member in good standing of the Bar of the Supreme Court of Virginia, the highest court of that state, and that I am authorized to represent (James Ellis McDaniel/Eddie Corn Leach and his family) in respect to all his claims presently pending before the Department of Health and Human Services. In as much as a consent meeting the requirements of the Privacy Act of 1974 is herewith filed. [sic] I hereby respectfully demand, in behalf of my client aforesaid and myself, that you recognize this representation and send me all notices or other written communication required or permitted to be given to my said client in connection with such claims, in addition to such other notice to him as may be specifically required by statute.

In each case the defendant Israel responded to this submission by declining to recognize plaintiff Parker's representation unless the respective claimant appointed him pursuant to the requirements of 20 C.F.R. § 404.1707. It is from this ruling that plaintiffs seek relief in this court.

On March 16, 1981, defendants filed a motion to dismiss in both actions alleging that this court lacked subject matter jurisdiction to entertain the actions. In essence, defendants contended that 42 U.S.C. § 405(g) provided the only avenue of judicial review open to the plaintiffs. By Memorandum and Order of this court dated May 29, 1981, defendants motions to dismiss were denied. In brief, this court held that plaintiffs' claims did not amount to an action "to recover on any claim arising under" the Social Security Act.

The predominant issue before this court is whether 20 C.F.R. § 404.1707 is illegal and void because it requires an additional task (submission of a signed notice appointing your representative in dealings with the Social Security Administration) beyond that required by the Agency Practices Act, 5 U.S.C. § 500(f).

The defendants, in support of their contention that the regulation in question is not illegal and void, submit that a determination of the validity of the regulation is governed by the Social Security Act, and not the Administrative Procedure Act, for two reasons. The first reason, defendants argue, is that the Social Security Act, which preceded the Administrative Procedure Act, is a specific statutory authorization providing a specific administrative procedure and express authority to promulgate rules and regulations to embellish this statutory administrative procedure. *See* 42 U.S.C. § 405(a); 42 U.S.C. § 1302. The second reason is that the Social Security Act, and the rules and regulations promulgated pursuant to the act, are consistent with the requirements of the Administrative Procedure Act and that under the doctrine of *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), the Supreme Court had instructed that there is no need to decide if the Administrative Procedure Act is applicable to, supercedes, or renders

---

**2.** 20 C.F.R. § 404.1707 sets out the requirements for the representation of a claimant in his or her application for benefits under Titles II and XVI of the Social Security Act. 5 U.S.C. § 500(f) sets out the requirements for the representation of an individual before an "agency" as defined by 5 U.S.C. § 551.

void the procedures adopted pursuant to the Social Security Act if the provisions of each are consistent with the other. Defendants argue that the requirements of 20 C.F.R. § 404.1707 are merely supplementary to and not inconsistent with the minimal requirements of 5 U.S.C. § 500(a) and (b). The defendants point out that there are several provisions of the Social Security Act authorizing the Secretary to promulgate rules and regulations which are necessary or appropriate to promote the efficient administration of the Social Security Act. *See* 42 U.S.C. §§ 405(a); 406(a); 1302. In short, the defendants argue that the regulation in question is valid because it was promulgated pursuant to express statutory authority, is not inconsistent with the requirements of the Social Security Act or the Administrative Procedure Act, is necessary and appropriate for the efficient administration of the agency program, and is not unreasonable for the reasons stated in the affidavit of William F. Cooper. Mr. William F. Cooper, Acting Director, Office of Insurance Programs, Office of Operational Policy and Procedures, Social Security Administration, gave the following reasons for the promulgation of 20 C.F.R. § 404.1707 in his affidavit: 1) to protect confidential personal information from unauthorized disclosure; 2) to insure compliance with § 206 of the Social Security Act which directs the Social Security Administration to certify to the attorney representative the authorized fee; 3) to insure that the claimant has appointed the representative, thus having exercised his freedom of choice rather than an attorney representative in effect appointing himself; 4) to provide for increased awareness by the claimant as to both the authority he is conferring upon the representative and the fee setting and authorization process; 5) to prevent situations where an attorney representative petitions for fees for services rendered as the authorized representative and the claimant he purportedly represented denies that the petitioning attorney was the authorized representative.

Plaintiffs contend that the defendants have incorrectly represented that 5 U.S.C. § 500(f) is part of the Administrative Procedure Act. Plaintiffs submit that the Administrative Procedure Act comprises Subchapter II (§§ 551–559) and Chapter 7 (§§ 701–706) of Title 5 of the U.S. Code. The Agency Practice Act, on the other hand, is comprised only of 5 U.S.C. § 500, found in Subchapter I of Title 5 of the Code. Plaintiffs further submit that the Agency Practice Act became law in November, 1965, and that the Administrative Procedure Act was enacted in 1946. As to the defendants' argument that the validity of the regulation in question is governed by the provisions of the Social Security Act, and not the provisions of the Administrative Procedure Act, the plaintiffs submit that *Richardson v. Perales, supra*, did not deal with the Agency Practice Act. In the Agency Practice Act, plaintiffs argue, Congress provided a very specific rule to deal with a very specific situation and, through a very broad definition of the word "agency", made that rule applicable virtually government-wide. Plaintiffs note that in writing the Agency Practice Act, Congress did except certain agencies, notably the Patent Office, from the operation of the Act. Had Congress desired to except the Social Security Administration also, it could easily have done so. Plaintiffs concede that the regulation is not unreasonable and that the defendant Secretary ordinarily has very broad authority to write regulations. But, plaintiffs contend, these considerations are not controlling here. Plaintiffs say that the Congress of the United States has chosen to write a rule of procedure by statute and it has written a small exception to the Secretary's broad authority in a conscious effort to prefer a rule of its own making to any which virtually any agency of the government might make up on point. That, say the plaintiffs, is Congress' prerogative. The rule of the Secretary is not unreasonable but the statute is applicable and the rule contravenes the statute; hence, the rule cannot stand. As counsel for the plaintiff rhetorically put it during oral argument, the question here is "who is running the country, Congress or the Secretary".

While rhetorical, it does present something of an issue here.

In rebuttal to plaintiffs' argument, the defendants point out that the Agency Practice Act is contained under the same title as the Administrative Procedure Act and that the substance of the Agency Practice Act deals with the identical substance as the Administrative Procedure Act; administrative procedures before government agencies. Therefore, the defendant contends, the instructive language of the Supreme Court in the *Perales* decision on the relationship between the Social Security Act and the Administrative Procedure Act is equally applicable to the relationship between the Agency Practice Act and the Social Security Act. The defendants further contend that the enactment of the Agency Practice Act, subsequent to the *Perales* decision, should also have no bearing on the determination of the relationship between the Social Security Act and the Administrative Procedure Act.

This court cannot accept the defendants' contention that the provisions of the regulation in question are consistent with the provisions of the Agency Practice Act, 5 U.S.C. § 500. Admittedly, the provisions of the regulation do not expressly controvert the provisions of the Act, but they do require the Social Security claimant to perform a task that heretofore was not required of him. This court cannot hold the provisions of the regulation and the Act to be consistent. Thus, the doctrine of *Perales, supra,* does not operate, so obviating the need for this court to pass judgment on whether the doctrine of *Perales* is applicable to the Agency Practice Act, or solely to the Administrative Procedure Act. The sole question remaining is whether the provisions of the Agency Practice Act renders void the provisions of 20 C.F.R. § 404.1707. This court holds that it does.

This court finds the requirement that a Social Security claimant submit a signed appointment of a representative to the Social Security Administration is neither necessary nor appropriate for the efficient administration of the agency program. The ends sought by the promulgation of the regulation: protecting confidential personal information, insuring compliance with § 206 of the Act, insuring that the claimant has appointed the representative, educating the claimant, and avoiding disputes over whether a representative was in fact appointed are reasonable concerns, but not ones the regulation will necessarily achieve. In addition, the public is already adequately protected from the types of abuse this regulation is designed to prevent both by 18 U.S.C. § 1001 and the disciplinary rules enacted and enforced by the various state bars. Congress has established the procedure by which an attorney may qualify to represent a claimant before the Social Security Administration in 5 U.S.C. § 500(b) and this court holds that this is all that is necessary and appropriate. This court finds 20 C.F.R. § 404.1707, as promulgated by the Social Security Administration, to be squarely in conflict with the Agency Practice Act and neither to be necessary nor appropriate for the effective administration of justice by the Social Security Administration and therefore grants plaintiffs' motion for summary judgment.

An appropriate Order will this day be entered granting plaintiffs' motion for summary judgment.