James Ellis McDANIEL and C. Waverly Parker, Plaintiffs,

v.

Richard ISRAEL, District Manager, District Office, Social Security Administration, and Richard S. Schweiker, Secretary of Health and Human Services, Defendants.

Eddie Corn LEACH and C. Waverly Parker, Plaintiffs,

v.

Richard ISRAEL, District Manager, District Office, Social Security Administration, and Richard S. Schweiker, Secretary of Health and Human Services, Defendants.

Civ. A. Nos. 81–0005–C, 81–0006–C.

United States District Court,
W. D. Virginia,
Charlottesville Division.

April 2, 1982.

C. Waverly Parker, Standardsville, Va., for plaintiffs.

J. Gaston B. Williams, U. S. Atty., Roanoke, Va., for defendants.

## MEMORANDUM OPINION

MICHAEL, District Judge.

The above-styled consolidated actions are now before the court on defendants' motion to alter or, in the alternative, to amend this court's judgment of February 24, 1982, 534 F.Supp. 367, pursuant to Rule 59(e), Fed.R. Civ.P. While the style of defendants' motion presents it as a "Motion to Alter or Amend the Court's Judgment", the relief actually sought is revealed on the second page of the motion, where it is stated, "The Secretary now asks this Honorable Court to vacate its Order of February 24, 1982, and uphold the validity of the regulation, or absent the granting of this relief, confine the scope of its Order to the plaintiffs in this action..." Briefly stated, this court invalidated 20 C.F.R. § 404.1707, which required social security claimants to designate in writing the person they want to represent them before the Secretary, holding it to be contrary to the requirements of the Agency Practice Act, 5 U.S.C. § 500.

The defendants, in support of their motion to vacate the court's judgment, essentially present the same arguments they tendered to the court in their memorandum in support of their motion for summary judgment. The court remains unpersuaded and continues to hold the regulation in question to be contrary to the requirements of the Agency Practice Act, *supra*. Those requirements provide more than adequate safeguards against the asserted evils sought to be controlled by the defendants' challenged regulation, especially when it is remembered that the asserted evils also are covered, *inter alia*, by the criminal provisions of the United States Code covering false statements and misrepresentations to agents of the United States, and by the Code of Professional Responsibility of the organized bar and its enforcement mechanisms.

In the alternative, defendants request that the court amend its order granting class relief to reflect a judgment in favor of the named plaintiffs only. In support of their request, defendants assert that the scope of relief should be confined to the named plaintiffs because of a certain stipulation the parties filed with the court on July 7, 1981. The stipulation is that the complaint is to be interpreted as if plaintiff Parker had sought relief from defendants restraining them from enforcing against Parker, in certain specified claims, the provisions of 20 C.F.R. § 404.1707 or any other regulation whereby more would be required of Parker, or his client, to be recognized as an attorney-representative, than is required by 5 U.S.C. § 500. Clearly, this stipulation states that the complaint seeks relief solely on behalf of the named plaintiffs. It is equally clear to this court that such a stipulation does not necessarily bar the court from fashioning an Order to include "all Social Security claimants". In the case before this court, however, it does not appear appropriate, in light of the complaint and this stipulation, to grant relief beyond that sought by the plaintiffs themselves.

Accordingly, an appropriate Order will this day be entered granting defendants' motion to amend.