**James Ellis McDANIEL and C. Waverly Parker, Plaintiffs,**

v.

**Richard ISRAEL, District Manager, District Office, Social Security Administration, and Richard S. Schweiker, Secretary of Health and Human Services, Defendants.**

**Eddie Corn LEACH and C. Waverly Parker, Plaintiffs,**

v.

**Richard ISRAEL, District Manager, District Office, Social Security Administration, and Richard S. Schweiker, Secretary of Health and Human Services, Defendants.**

**Civ. A. Nos. 81–0005–C, 81–0006–C.**

United States District Court,
W. D. Virginia,
Charlottesville Division.

May 13, 1982.

C. Waverly Parker, Standardsville, Va., for plaintiffs.

J. Gaston B. Williams, U. S. Atty., Roanoke, Va., for defendants.

## MEMORANDUM OPINION

MICHAEL, District Judge.

The above-styled consolidated actions are now before the Court on plaintiffs' motion to alter or amend judgment pursuant to Rule 59(e), Fed.R.Civ.P. On April 2, 1982, this Court amended its judgment handed down February 24, 1982, 534 F.Supp. 367, by eliminating the class relief granted and limiting relief to the named plaintiffs only. The relief granted plaintiffs was further limited to plaintiff Parker's representation of plaintiffs Leach and McDaniel in their current claims for Social Security Disability benefits.

The Court altered its judgment in order to conform to the relief sought by the plaintiffs in their complaints. It now appears that the Court's amended judgment of April 2, 1982, 537 F.Supp. 273, goes beyond the relief requested by the defendant Secretary. A review of the following portion of the parties' stipulation as to the relief sought in the complaint reveals that plaintiff Parker sought relief from the requirements of 20 C.F.R. § 404.1707 in all cases in which he is retained to represent Social Security claimants, as follows:

> and for a permanent injunction restraining the Secretary and his privies, in any case arising under the Social Security Act in which Parker files the certificate mentioned in 5 U.S.C. § 500 in respect of a claimant, from taking any action inconsistent with the proposition that so much of 20 C.F.R. § 404.1707 as would require routine client verification is void as contrary to 5 U.S.C. § 500.

It appearing proper to do so, and there being no objection on the part of the defendant, an appropriate Order will this day issue permanently enjoining the defendant Secretary from requiring more of plaintiff Parker, in his representation of claimants before the Social Security Administration, than filing the certificate mentioned in 5 U.S.C. § 500.

## ORDER

For the reasons announced in the Memorandum Opinion this day entered, it is

## ADJUDGED AND ORDERED

1. That these two consolidated actions shall be, and they hereby are, reinstated on the docket of this Court.

2. That the defendant Secretary, and his successors in office and privies, be, and they hereby are, permanently enjoined and restrained, in any case arising under the Social Security Act in which the plaintiff, C. Waverly Parker, files the certificate mentioned in 5 U.S.C. § 500 in respect of a claimant, from taking any action inconsistent with the proposition that so much of 20 C.F.R. § 404.1707 as would require routine

client verification of Parker's authority as representative is void as contrary to 5 U.S.C. § 500.

3. That this action shall be, and it hereby is, dismissed and stricken from the docket of this court.